IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SYLVESTER SHOCKLEY,        )
                           )
            Petitioner,    )
                           )
      v.                   )    Civil Action No. 09-900-SLR
                           )
PERRY PHELPS,              )
Warden, and ATTORNEY       )
GENERAL OF THE STATE       )
OF DELAWARE                )
                           )
            Respondents.   )

---

Sylvester Shockley. Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

---

**MEMORANDUM OPINION**

March 10 , 2011
Wilmington, Delaware


ROBINSON, District Judge

## I. INTRODUCTION

Presently before the court is Sylvester Shockley's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2) Petitioner is in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. For the reasons that follow, the court will dismiss his application for lack of jurisdiction.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In September 1981, a Delaware grand jury returned a three-count indictment charging petitioner with first degree rape, first degree kidnaping, and third degree assault. (D.I. 13 at 2) Petitioner pled guilty in December 1981 to first degree rape, and the Superior Court sentenced him in 1982 to life imprisonment with the possibility of parole. *Id.*

In February 2005, petitioner filed in the Superior Court a petition for a writ of mandamus, seeking to compel the Department of Correction to calculate his conditional release date. The Superior Court summarily dismissed the petition, and the Delaware Supreme Court affirmed that judgment. *Shockley v. Taylor*, 882 A.2d 762 (Table), 2005 WL 2211462 (Del. Aug. 24, 2005).

On March 30, 2006, petitioner filed a habeas application ("first application") asserting two claims challenging the calculation of his life sentence. The court denied the claims as meritless. *Shockley v. Carroll*, 489 F. Supp. 2d 397 (D. Del. 2007). The Third Circuit Court of Appeals denied petitioner's request for a certificate of appealability, and the United States Supreme Court denied his petition for a writ of certiorari. *See Shockley v. Carroll*, No. 07-2976, Jordan J. (3d Cir. Sept. 21, 2007);

*Shockley v. Phelps*, 128 S.Ct. 1476 (2008).

In 2008, petitioner filed a petition for a writ of mandamus in the Superior Court requesting that the Superior Court compel the Department of Correction to credit him with good time credits against his 1982 life sentence. *See Shockley v. Danberg*, 979 A.2d 1111 (Table), 2009 WL 2882870 (Del. 2009). The Superior Court granted the State's motion to dismiss the petition on the merits and granted the State's motion to rescind petitioner's in forma pauperis status. *Id.* at *1. The Delaware Supreme Court affirmed that judgment in September 2009. *Id.*

On November 25, 2009, petitioner filed the instant application ("application") for habeas relief. (D.I. 2) In lieu of an answer, the State filed a motion to dismiss the application for lack of jurisdiction because the application is second or successive. (D.I. 13) Petitioner filed a traverse arguing that the instant application is not second or successive. (D.I. 14)

## III. DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must obtain permission from the appropriate court of appeals before filing a second or successive habeas application in a federal district court. If a petitioner erroneously files a second or successive habeas application in a district court without first obtaining such permission, "the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

Generally, a habeas application is classified as second or successive if a prior

2

application has been decided on the merits, the subsequent application asserts a claim that was or could have been raised in the prior habeas application, and the prior and subsequent applications challenge the same conviction. *See* 28 U.S.C. §§ 2244 (a),(b)(1); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003); *cf. Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000)("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on the merits and dismissed for failure to exhaust state remedies is not a second or successive petition"). Additionally, a subsequent habeas application challenging the administration of a petitioner's sentence will constitute a second or successive application if the petitioner "knew of all the facts necessary to raise" the sentence administration claim prior to the filing of the initial application. *Benchoff v. Colleran*, 404 F.3d 812, 817-18 (3d Cir. 2005).

Petitioner's first application asserted two grounds for relief: (1) the Delaware Supreme Court's decision affirming the 2005 denial of petitioner's state petition for a writ of mandamus violated the ex post facto clause because it retroactively applied *Evans v. State*, 872 A.2d 539 (Del. 2005) (*"Evans II"*) to his case; and (2) the Delaware Supreme Court violated his right to due process and his right to equal protection by retroactively applying TIS and *Evans II* to his case. Petitioner argued that this retroactive application terminated his good time and merit credit which, in turn, increased his punishment. The court denied both claims as meritless.

The instant application asserts five grounds for relief: (1) the Delaware Supreme Court's appellate review process is standardless and deprived petitioner of his Fourteenth Amendment right to due process by failing to guard against the arbitrary imposition of Delaware's in forma pauperis statute; (2) the Delaware Superior and

3

Supreme Courts violated petitioner's Fourteenth Amendment right to due process by

denying him good time credits; (3) the Delaware state courts violated the due process

and ex post facto clauses by retrospectively refusing to honor petitioner's "de facto"

release and conditional release dates; (4) the Delaware Supreme Court violated the ex

post facto clause in September 2009 by affirming the Superior Court's denial of

petitioner's petition for a writ of mandamus; and (5) 10 Del. C. § 8804(f), as applied,

deprives petitioner and other indigents of their rights to due process and equal access

to the courts. (D.I. 3) The State argues that the court lacks subject matter jurisdiction

over the instant proceeding because the application constitutes a second or successive

petition for the purposes of § 2244. (D.I. 13) In response, petitioner contends that the

application is not second or successive because his claims challenge the administration

of his sentence and could not have been raised in his first application due to the fact

that his "de facto" conditional release date did not occur until after the court's denial of

his first application. (D.I. 14 at 15)

To begin, although couched in terms of "due process", claims one and five

merely challenge the Delaware state courts' refusal to grant petitioner in forma pauperis

status for his post-conviction relief proceedings that have occurred in the Delaware

state courts since the denial of his first application. It is well-settled that claims

challenging a state court's post-conviction proceedings fail to provide a proper basis for

federal habeas relief. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir.

1998)(holding that the "federal role in reviewing an application for habeas corpus is

limited to evaluating what occurred in the state or federal proceedings that actually led

4

to the petitioner's conviction; what occurred in the petitioner's **collateral** proceeding does not enter into the habeas proceeding)(emphasis in original); *see also Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004)("alleged errors in [state] collateral proceedings . . . are not a proper basis for habeas relief"). Accordingly, the court will deny claims one and five for failing to present issues cognizable on federal habeas review.

In turn, the court concurs with the State's conclusion that claims two, three and four constitute second or successive claims for purposes of 28 U.S.C. § 2244. Although petitioner contends that these three claims are "new" and previously unavailable because they challenge the administration of his sentence after the date on which he should be (or should have been) "de facto" conditionally released,[1] the passage of petitioner's alleged "de facto" conditional release date does not give rise to a new ground for relief. *See e.g. O'Neal v. Levi*, 551 F. Supp. 2d 379, 391 (E.D. Pa. 2008)(a good time credit claim is second or successive within the meaning of 28 U.S.C. § 2244 if the factual predicate for the claim could have been asserted in the petitioner's first habeas application). Simply stated, petitioner's first application asserted that the Delaware state courts erred in failing to recognize that the true length of his life sentence was 45 years less his good time credits, and claims two, three, and four of the instant application raise the same argument.

---

[1]Petitioner asserts that he was entitled to conditional release after serving two thirds of the fixed time (45 years) less good time credits. Although he does not identify a specific date, he contends that two thirds of 45 years amounts to 30 years, 6 months, and three days, and that he actually should have been released earlier than that due to his earned good time credit. (D.I. 3 at 19)

There is no indication that the Third Circuit has authorized the filing of the instant second or successive application. Accordingly, the court will grants the State's motion to dismiss petitioner's application for lack of jurisdiction. *See Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)(holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

## IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 application must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find the following debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that the instant application does not warrant federal habeas relief. Consequently, the court declines to issue a certificate of appealability because petitioner has failed to make a substantial showing of the denial of a

constitutional right.

## V. CONCLUSION

For the foregoing reasons, the court will grant the State's motion to dismiss petitioner's § 2254 application. The court also finds no basis for the issuance of a certificate of appealability. An appropriate order will follow.